United States District Court

Eastern District of California

James Darrell Matthews,

        Petitioner,                     No. Civ. S 05-1798 GEB PAN P

   vs.                                Findings and Recommendations

California Board of
Prison Terms, et al.,

        Respondents.
                                    -oOo-

    Petitioner, a state prisoner proceeding without counsel, applied for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and requested leave to proceed in forma pauperis.

    Examination of the in forma pauperis affidavit reveals petitioner is unable to afford the costs of suit.  Leave to proceed in forma pauperis is granted.  See 28 U.S.C. § 1915(a).

    A judge "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted,

unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Petitioner alleges respondent violated his right to due process under <u>Valdivia v. Schwarzenegger</u>, Civ. S 94-0671 LKK GGH by failing to hold a parole revocation hearing within 35 days. He seeks an order directing that the petition to revoke probation be dismissed and that he immediately be released from custody. January 11, 2005, parole hold, petitioner was returned to custody on a parole hold made the same date. February 16, 2005, he had a final revocation hearing, at which he was represented by counsel. Petitioner was found to have violated the conditions of his parole and was returned to custody for one year.

Pursuant to the March 9, 2004, Stipulated Order for Permanent Injunctive Relief made in <u>Valdivia v. Schwarzenegger</u>, Civ. S 94-0671 LKK GGH, California parole officials have 35 days from the placement of a parole hold to have a final revocation hearing for parolees who do not waive or seek a continuance of a final revocation hearing. This court retained jurisdiction to enforce the order through specific performance and all other remedies permitted by law or equity.

A petitioner may obtain habeas corpus relief, viz., release and dismissal of the parole violation allegations, only if he can show the delay was unreasonable and prejudiced him. <u>Hooper v. U.S. v. Parole Com'n</u>, 702 F.2d 842, 845 (9th Cir. 1983). There is no imminent threat of irreparable injury to petitioner that would justify any kind of injunctive relief since there

2

apparently was a timely probable cause hearing, the procedures and deadlines were new and the revocation hearing was only one day late.  Since officials decided to revoke parole, petitioner suffered no discernible injury.

For these reasons, it appears from the application that petitioner is not entitled to the relief he seeks and so this action should be dismissed.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these findings and recommendations are submitted to the United States District Judge assigned to this case.  Written objections may be filed within 20 days of service of these findings and recommendations.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge may accept, reject, or modify these findings and recommendations in whole or in part.

Dated: May 16, 2006.

UNITED STATES MAGISTRATE JUDGE

\matt1798. f&r dsms hab